IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOHNNY EUGENE COHRAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 4:09-CV-16-CDL-GMF |
| | : 42 U.S.C. § 1983 |
| BRONYA BOYKIN, | : |
| BROWN L. KEYS, | : |
| | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Before the court are the Motions to Dismiss of Defendants Brown L. Keys (R-25) and Bronya Boykin (R-32), the remaining defendants in this case. Plaintiff was notified of his right to respond. (R-33, 34). Plaintiff filed a response to the Motion to Dismiss of Defendant Keys on May 4, 2009. (R-35). On May 6, 2009, Plaintiff filed a document self-styled as Plaintiff's Objections to Defendant Boykin's Defenses, which this Court will construe as Plaintiff's response to Defendant Boykin's Motion to Dismiss. (R-37).

Defendant has also filed a self-styled Motion to Compel (R-10), a Motion for Reconsideration of this Court's order denying appointment of counsel (R-29), and a Motion for Summary Judgment (R-38). Also under consideration is Defendant Boykin's Motion for an Order for the Production of Plaintiff's Records. (R-28).

## LEGAL STANDARD FOR MOTION TO DISMISS

The standard for a motion to dismiss was altered by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The decision in *Bell Atlantic*

overturned the fifty year old "no set of facts" test established in *Conley v. Gibson*, 127 S. Ct. 1969 (1957), characterized as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S. Ct. at 1969.  The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted).  Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67.  Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981)).

500 F.3d 1276, 1282-83 (11th Cir. 2007).

In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997).  The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).  Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above

the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing *Bell Atlantic Corp*., 127 S. Ct. at 1965).

## FACTUAL BACKGROUND

On February 6, 2009, Plaintiff filed this 42 U.S.C. § 1983 suit against the named Defendants. (R-1). In his complaint, Plaintiff alleges that he was transferred to Rutledge State Prison and entered the care of Dr. Bronya R. Boykin, a psychiatrist, shortly after September 8, 2008. *Id*. Dr. Boykin informed Plaintiff that she planned to discontinue his medication, Seroquel. *Id*. Plaintiff's Complaint vaguely indicates that Dr. Boykin requested permission to continue Plaintiff's Seroquel prescription but was denied by "a doc[tor]in Atlanta," apparently referring to a directive of the Georgia Department of Corrections (DOC). *Id*.; (R-32). Plaintiff alleges that, on September 25, 2008, Dr. Boykin discontinued his medication "cold turkey." *Id*. Plaintiff alleges that he suffered severe withdrawal symptoms. *Id*. He alleges that Dr. Boykin refused to prescribe any other medications except Haldol and Prolixin, which Plaintiff denied because of his fear that these drugs "have been proven to cause serious and potentially permanent side [e]ffects." *Id*.

Plaintiff's Complaint further briefly contends that Defendant Brown L. Keys, Deputy Warden of Care & Treatment, acted deliberately indifferent to his mental health care. *Id*.

Plaintiff's Exhibit to his Response to Defendant Keys's Motion to Dismiss contains

3

an Informal Grievance form dated and received on September 22, 2008, stating that Dr. Boykin planned to take him off of Seroquel and denying responsibility for obtaining his medical records. (R-35-2, p. 1). Upon receipt of the informal grievance, Plaintiff was provided with and filed a Confidential Inmate Grievance form dated October 7, 2008, detailing his grievance regarding mental health care received by Dr. Boykin. (R-35-2, p. 2-4). Plaintiff further submitted to this Court a letter of October 20, 2008, from Defendant Keys denying his formal grievance for failure to attach the informal grievance and for attaching a two-sided page explaining his grievance in violation of the one page rule prescribed by the regulations. (R-35-2, p. 5). It appears that Plaintiff neither re-filed a proper formal grievance nor appealed the denial of his original formal grievance. (R-36).

Plaintiff seeks compensatory damages of $1,000,000, from each Defendant and punitive damages of $10,000,000. He also seeks a "complete investigation into wrongdoings, mistreatment of mental health inmates in the GA Department of Corrections." (R-1).

## DISCUSSION

Fed. R. Civ. P. 12(b)(1) provides that a defendant may raise any and all defenses regarding "lack of jurisdiction over the subject matter." Although the Eleventh Circuit has not ruled on this matter directly, the Ninth Circuit Court of Appeals, in *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003), *cert. denied,* 124 S. Ct. 50 (2003), held:

> We next address the form of pretrial motion to be used to resolve the State's contention that the prisoner has failed to exhaust his administrative remedies. In this Circuit, we have held that the failure to exhaust nonjudicial remedies that are not

> jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988) (citations omitted). These decisions are based on the general principle that "summary judgment is on the merits," (cite omitted) whereas, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." (citations omitted). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See Ritza,* 837 F.2d at 369. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *See id.* at 368.

Thus, a motion to dismiss based upon a plaintiff's failure to exhaust his administrative remedies, which pleads a lack of jurisdiction, is properly filed as an unenumerated Rule 12(b) motion.

Defendants both contend that Plaintiff failed to exhaust his available administrative remedies with regard to his claims, and, as such, Plaintiff's claims must fail. (R-25, 32, 36). By the Prison Litigation and Reform Act (PLRA)*,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, the United States Supreme Court has held that an inmate must *fully and properly* exhaust all available administrative remedies before he can file a Section 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006); *see also Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998) ("[S]ince exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . . .").

Recently, the Eleventh Circuit Court of Appeals, in *Turner v. Burnside*, based on its decision in *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), set forth a two-step process for deciding a motion to dismiss for failure to exhaust administrative remedies.  541 F.3d 1077, 1082 (11th Cir. 2008).  Specifically, the Court held:

> In the first step, the court reviews the factual allegations in the motion to dismiss and the plaintiff's response and, if they conflict, accepts the plaintiff's factual allegations as true. If, based on those facts, the plaintiff failed to exhaust administrative remedies, the court must dismiss the complaint. If the complaint survives the first level of review, then the court makes findings to resolve disputes of fact related to exhaustion. In this second step, the defendant must prove that the plaintiff failed to exhaust his available administrative remedies. After the court makes its findings of fact, the court decides whether the prisoner has exhausted his available administrative remedies.

*Williams v. Marshall*, 2008 WL 4787152, at *3 (11th Cir. November 4, 2008) (citing *Burnside,* 541 F.3d at 1082).

In this case, Defendant Keys has provided an affidavit by Debbie King, the Chief Grievance Counselor at Rutledge State Prison, which confirms that the Georgia Department of Corrections has an administrative grievance system.  (R-25-2).  A review of the Georgia Department of Corrections Standard Operating Procedure IIB05-0001 on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure" and then, finally, a "Grievance Appeal." (R-25-3).  With certain exceptions, an inmate may grieve "Any condition, policy, procedure, action or lack therof that affects inmates and is in control of the Department of Corrections . . . ." *Id.*  For an inmate to fully

exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure. *Id.*

Here, even if Plaintiff's factual allegations are accepted as true, it is still found that Plaintiff has failed to exhaust his administrative remedies for failing to re-submit a formal grievance in accordance with the proper procedure or appeal Defendant Keys's rejection of his initial formal grievance.

Therefore, it is recommended that Plaintiff's complaint be DISMISSED for Plaintiff's failure to timely exhaust his administrative remedies. Because this issue can be resolved at the first level of *Burnside* review, there is no need to proceed to the second step. Having failed to exhaust said remedy, this court is without the jurisdiction to review the allegations found in Plaintiff's Complaint.

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be **DISMISSED**. It is further RECOMMENDED that Plaintiff's Motion to Compel (R-10),[1] Motion for Reconsideration of this Court's order denying appointment of counsel (R-29), and Motion for Summary Judgment (R-38), as well as Defendant Boykin's Motion for an Order for the Production of Plaintiff's Records (R-28), be **DENIED** as moot. Under 28

---

[1] Even if this case were not dismissed, Plaintiff's motion to compel (R-10) would nonetheless be moot. Plaintiff pleads for injunctive relief from acts he alleges were committed against him while incarcerated at Rutledge State Prison. *Id.* However, after filing this motion, Plaintiff was transferred to Autry State Prison in Pelham, Georgia. (R-19). *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 13th day of May, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml