IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JOHNNY EUGENE COHRAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-16-CDL-GMF |
| | : | 42 U.S.C. § 1983 |
| BRONYA BOYKIN, | : | |
| BROWN L. KEYS, | : | |
| | : | |
| Defendants. | : | |

## ADDENDUM TO REPORT AND RECOMMENDATION

On February 6, 2009, Plaintiff filed the 42 U.S.C. § 1983 complaint currently under consideration, claiming he received inadequate mental health treatment while incarcerated at Rutledge State Prison. (R-1). On May 1, 2009, this Court notified Plaintiff of the possibility of dismissal of his case after the two remaining defendants filed Motions to Dismiss. (R-25, 32, 33, 34). On May 4, 2009, Plaintiff timely filed a Response to Defendant Brown Keys's Motion to Dismiss. (R-35). Thereafter, on May 6, 2009, Plaintiff timely filed a documented entitled "Plaintiff's Objections to Defendant Boykin's Defenses." (R-37). This document was docketed as Plaintiff's Response to Defendant Bronya Boykin's Motion to Dismiss and construed as such in the subsequent Report and Recommendation. *Id*.; R-41.

In the Report and Recommendation of May 13, 2009 (R-41), it was found that, although Plaintiff filed an informal grievance and then a formal grievance, he failed to appeal the denial of his formal grievance or re-file, thereby failing to exhaust his administrative remedies as required by the Prison Litigation and Reform Act (PLRA). 42 U.S.C. §

1997e(a).

Later on the same day that the Report and Recommendation was filed, Plaintiff filed a document entitled, "Plaintiff's Brief in Opposition to Both Defendants' Motions to Dismiss." (R-42). This document was docketed as a Supplemental Response (unauthorized) to both Defendants' Motions to Dismiss, and was timely filed, within 20 days of this Court's Orders of Notification of Motions to Dismiss. *Id.* In his Supplemental Response, Plaintiff argues, among other things, that Defendants made exhaustion unavailable to him. *Id.*

Thereafter, on May 26, 2009, Plaintiff filed an Objection to the Report and Recommendation (R-43), attaching an affidavit wherein he testifies: "On October 20, 2008, Deputy Warden Brown L. Keys rejected [grievance number] 080397, and refused me another grievance to re-file" (R-43-1, ¶ 6), and "Deputy Warden Keys stated to me that the time limit had expired and he would not address my complaint further" (*Id.* at ¶ 7). On June 1, 2009, Defendant Keys filed a Response to Plaintiff's Objection, accompanied by an affidavit wherein Defendant Keys states:

> To the best of my recollection, inmate Cohran never asked me for another grievance form so that he could resubmit Grievance Number 08-397. Similarly, inmate Cohran never asked me to file a formal grievance concerning Grievance Number 08-397 out-of-time for good cause shown. A review of his records confirms that inmate Cohran never properly filed a formal grievance concerning Grievance Number 08-397.

R-44-1, ¶ 7. On June 10, 2009, Plaintiff filed a Reply, re-stating his allegations regarding unavailability of exhaustion. (R-45).

Pursuant to *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008), when

deciding a motion to dismiss for failure to exhaust administrative remedies where the parties' facts conflict, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion . . . . [O]nce the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Exhaustion is an affirmative defense, and the defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies. *Id*. at 1082.

Based on Defendant Keys's affidavit, it is found that Plaintiff failed to exhaust his administrative remedies by failing to properly file a formal grievance concerning Grievance Number 08-397. Moreover, Defendant could at any time have filed a writ of mandamus to compel Defendants to afford him relief but failed to do so. Because Plaintiff cannot state a claim for unavailability of administrative remedies, this Court continues to recommend dismissal.

Plaintiff's remaining claims in his Supplemental Response and Objections, that Defendant Keys purposely misled the court regarding Plaintiff's grievances, are meritless. Furthermore, as stated in the original Report and Recommendation, to the extent Plaintiff pleads for injunctive relief from acts he alleges were committed against him while incarcerated at Rutledge State Prison, those claims are moot, as Plaintiff was transferred to Autry State Prison on April 1, 2009. R-14; *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 24th day of June, 2009.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml